(No. 75-CV-28—

IN RE APPLICATION OF ROSE STEINHAUF.

*Opinion filed January 12, 1976.*

ROSE STEINHAUF, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois; PAUL WEST, Assistant Attorney General.

PER CURIAM.

This claim arises out of an incident that occurred on May 12, 1974, at the subway stairs at 190 North State Street, Chicago. The Claimant seeks compensation under the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Section 70, 71, et seq.) (hereinafter referred to as the "Act").

The sole issue presented to the Court is whether the Claimant was the victim of a violent crime as defined in the Act. The Court entered an order on June 12, 1975, dismissing this claim and the Claimant moved the Court for a hearing in accordance with Section 9 of the Act and said hearing was granted.

The Claimant testified that on May 12, 1974, she

was employed at Marina City as a waitress. She left her place of employment at about 9:30 p.m. or 9:45 p.m. and walked to the intersection of State and Lake with the subway entrance at 190 North State and arrived there approximately 10 o'clock p.m. It was fairly crowded on the subway steps and subway entrance area at that time.

While descending the steps leading to the subway the Claimant felt a push in her back. The push was a strong one and felt as if it were done by a fist. Claimant fell down the stairs to the bottom and was rendered unconscious and next remembers waking up in the emergency room of a hospital. The police report indicates that they received a call regarding the incident at 10:33 p.m. on that date.

The Claimant suffered a fractured arm and scarring about her body as a result of the incident.

The Claimant testified that at the time she descended the subway stairs she had money in her purse and a watch, both of which she discovered missing after a few days in the hospital. She reported the missing items to the police but the police did not follow through with any further investigation.

In order for a person to qualify for compensation under the Act, that person must have been killed or injured as a result of a crime of violence perpetrated or attempted against him. An accidental fall down the subway stairs would, of course, not qualify.

A Claimant has the burden of proof in establishing that he or she was the victim of a violent crime. In this case, it is the Court's opinion that the Claimant failed to meet that burden.

The testimony of the Claimant was totally unsubstantiated by any evidence of a willful assault or battery by an assailant which caused her to fall down the stairs.

There is no way that the Claimant herself can be sure that the pressure upon her back was wilfully administered by an assailant. While this Court has no doubt that the Claimant testified truthfully, the Court cannot assume a willful attempt to push her down the stairs without evidence.

The fact that she discovered some days later that her money and watch were missing does not supply the absent corroboration. The Claimant lay unconscious at the bottom of the stairs of a public subway entrance for a period of time, at least one-half hour. She was taken unconscious to a hospital where she was attended to by various hospital aides. There was adequate time and opportunity for someone other than the party who Claimant maintains pushed her to have taken her possessions. Thus the lost money and watch do not necessarily mean that the Claimant was robbed by an assailant.

While the Court understands that proof of a violent crime can be difficult under the circumstances where the alleged victim did not see the assailant, this Court must base its decision on evidence. In this case it is just as likely that the Claimant's injuries were caused by accidental means as by a violent crime.

Therefore, this Court finds that the Claimant was not a victim of a crime as defined in Section 2(c) of the Illinois Crime Victims Compensation Act. Accordingly, this claim is hereby dismissed.